## APPEALS OF T. J. DONAHOE AND R. F. GEINZER.

Docket Nos. 2385, 2386.   Submitted April 20, 1925.   Decided July 14, 1925.

A current merchandise account is not worthless merely because a slowing down of business in a particular line of trade makes collections slow or temporarily uncertain.

*Fred C. Houston, Esq.*, and *J. M. Cumming, C. P. A.*, for the taxpayers.

*A. J. Seaton, Esq.*, for the Commissioner.

Before JAMES, SMITH, and TRUSSELL.

These appeals were heard together and upon the same evidence and argument.

### FINDINGS OF FACT.

The taxpayers are partners doing a coal brokerage business as the Eureka Coal Co., at Pittsburgh, Pa. T. J. Donahoe owns a two-thirds interest in the business and R. F. Geinzer one-third.

In April, 1920, the Eureka Coal Co. began selling coal to the Century Coal Co., a firm of coal brokers in Montreal, Canada. The Eureka Coal Co. required payment on or before the 15th day of the month for coal shipped the preceding month. On these terms approximately a half million dollars worth of business was done with the Century Coal Co. between April and October, 1920. Payments were made promptly until October 15, when the Century Coal Co. failed to make payment for the September shipments. T. J. Donahoe, who was credit man for the Eureka Coal Co., began an immediate investigation and learned that the debtor company had also failed to pay other brokers with whom it was doing business.

On the strength of this information all shipments were stopped, and efforts were made by letter, telephone, and telegraph to collect the amount due, viz, $17,133.43. These efforts failed, and the bookkeeper of the Eureka Coal Co. was sent to Montreal to see if collection could be made. His efforts were of no avail.

The coal brokerage business had been in a flourishing condition during the first nine months of 1920, but thereafter coal prices dropped and the business became stagnant. In view of this condition and the futility of the efforts to collect the amounts due, and knowing that other brokers had not succeeded in collecting amounts due them, the Eureka Coal Co. in December, 1920, charged off on its books as worthless the amount of the Century Coal Co.'s indebtedness.

The members of the Eureka Coal Co. knew nothing of the business of the Century Coal Co. They did not know whether the Century Coal Co. had assets from which the indebtedness might be satisfied; neither did they make any efforts to ascertain whether there were such assets. They made no efforts to collect the debt by suit or other legal proceedings. No such steps were taken because of an assumption, based on general knowledge of the coal brokerage business, that such efforts would be futile.

In May, 1921, the indebtedness was paid in full.

The partnership deducted the amount of the indebtedness as a bad debt in its return for 1920 and returned that amount as income in its return for 1921, the year in which the debt was paid. The Commissioner disallowed the deduction for 1920 on the ground that the debt was not definitely ascertained to be worthless, thereby increasing the net income of the partnership and the distributive shares of the partners and resulting in the determination of the deficiencies involved in these appeals.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

TRUSSELL: Section 214 (a) (7) of the Revenue Act of 1918 provides that, in computing net income, there shall be allowed as deductions—

Debts ascertained to be worthless and charged off within the taxable year.

In this case the requirement that the debt be charged off within the taxable year was satisfied, and the only question involved in this appeal is whether or not the Eureka Coal Co. was justified in reaching the conclusion that the debt of the Century Coal Co. was worthless.

The early part of the year 1920 was a season of unusual strength and activity in the coal trade. Prices were high and the demand active. This situation suddenly changed in the latter part of the year. There was an unusual and wholly unexpected slump in the selling price of coal. This threw the trade into a state of uncertainty and confusion. Many who had purchased at high prices and then saw the same grades of fuel offered at lower prices slowed up in their payments. Brokers and dealers were wholly unprepared for this situation and were for a time unable to meet their obligations. The experience of the taxpayers was the same as that of many other persons and firms engaged in the same line of business, and, while it no doubt appeared to the taxpayers in December, 1920, that the collection of the account here under consideration was uncertain, we are of the opinion that they should not have caused this account to be written off as worthless without having acquired some more definite knowledge of their debtor's business situation than the record shows their inquiries developed. It appears that the condition of their debtor was not different from the condition of many others in the same trade and that within a few months, when trade conditions had become adjusted to the new situation, the debtor was able to and did pay.

In view of the situation here presented we are of the opinion that the debt of the Century Coal Co. was not ascertained to be worthless in 1920 within the meaning of section 214 (a) (7) of the Revenue Act of 1918.